## B. R. GAUTT *v.* GAUTT.

A party who offers proof, that would be inadmissible under our law, of a contract said to have taken place in another State, must show that such proof would be admissible, to prove the contract, in the State where it took place.

APPEAL from the District Court of St. Landry, *Voorhies*, J.
R. *F. Linton* and *J. Dupré*, for plaintiff and appellant. *J. M. Porter*, for defendant.

BUCHANAN, J. This case is before the Supreme Court for the second time, having been remanded in order to enable the plaintiff to amend his pleadings. See 6 Ann. 677.

Plaintiff now claims,

1. For cash advances and hire of slaves, from the year 1840 to the year 1849.

2. For slaves sold by the mother of the parties, to pay defendant's debts.

3. Slave *Rachel* and two children.

I. There is a document in evidence which is regarded by us, as a settlement of the respective claims of these parties against each other, to the day of its date, to wit: December 7th, 1844. It is a notarial act, by which plaintiff sells to defendant, a slave named *Hiram*, four mules, a gin stand, and all the vendor's interest in the crop of cotton and corn, of the year 1844, upon the plantation where defendant resided, for and in consideration of the sum of three thousand dollars, which plaintiff acknowledged to have received in the proceeds of the crops raised on said plantation in 1841 and 1842, collected by and appropriated to the use of plaintiff.

The testimony on the subject of cash advanced by plaintiff to defendant, is vague, and refers, in a great measure, to dates anterior to the settlement aforesaid. The District Judge has allowed $349 81 on this head of plaintiff's claim, and it is not clear to our mind that there is error in this allowance. As to the hire of slaves, it is barred by prescription, except for the three years preceding the institution of the suit. C. C. 3503. The District Judge has allowed two years' hire of five slaves, *Hiram, Alfred, Daniel, Judith* and *Lina*, at one hundred and forty dollars per annum, for each. In this, we think there is error.

The title of *Hiram, Alfred, Daniel* and *Judith*, was in defendant, up to the 6th April, 1849, about which time they ceased to work on his plantation. *Lina*, alone, appears to have belonged to plaintiff, while at work there. Under the evidence, we allow one hundred dollars per annum, during three years, for the services of *Lina*.

II and III. The claim for the price of *Arthur* and *Aimée*, and that for *Rachel* and children, were properly disallowed by the District Judge. The proof on the first of these claims, is improbable and unsatisfactory. As to the second, it appears that plaintiff bought *Rachel*, without children, at a probate sale in 1840, but never paid her price; and that upon execution issued against him therefor, defendant became the purchaser of *Rachel and her infant child* in 1844, at sheriff's sale, for cash. The title of *Rachel* and child, consequently, vested in defendant.

GAUTT
v.
GAUTT.

Both parties appealed from the judgment of the District Court, and we find in the record, three bills of exceptions, taken by plaintiff, to the rejection of evidence.

The first bill of exceptions is to the rejection of parol proof of sale of a slave in Alabama, the plaintiff not having laid a basis for the admission of such proof, by proving the law of Alabama, in relation to the form of such sales.

There is no error in this ruling. It is clearly the duty of a party who offers proof, that would be inadmissible under our law, of a contract said to have taken place in another State, to show that such proof would be admissible to prove the contract in the State where it took place.

The second bill of exceptions is to the rejection of parol evidence to prove title to land and slaves in Louisiana, and a partnership in the fruits of such land and slaves.

The questions involved in this bill of exceptions were decided by our predecessor on the former appeal, (the depositions of the witnesses having been taken before that appeal, and their admissibility being the only matter passed upon therein.) See 6 Ann. 678. We have reason, therefore, to be surprised at the pertinacity with which the point is pressed. A slight variation in the form, does not disguise the identity of the substance of the question, with that already decided.

The third bill relates to the rejection of oaths taken by two of the witnesses in other suits, offered to sustain the credibility of those witnesses in this suit. This evidence was properly rejected.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed; that plaintiff recover of defendant, six hundred and forty-nine dollars and eighty-one cents, with legal interest from judicial demand, and costs of the District Court: those of appeal to be paid by plaintiff.